# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Lauri Valjakka<br><br>    Plaintiff,<br><br>v.<br><br>Philips North America LLC,<br><br>    Defendant. | Civil Action No. 6:22-cv-00226<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lauri Valjakka ("Lauri" or "Plaintiff"), files this Complaint for Patent Infringement against Philips North America LLC ("Philips" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland.

2. On information and belief, Defendant is a Delaware corporation with a principal address of 222 Jacobs Street, Cambridge, MA 02141-2296 and has regular and established places of business throughout this District, including at least at 12430 Mercantile Avenue, El Paso, TX 79928. Defendant is registered to do business in Texas and may be served via its registered agent at Corporation Service Company, located at 211 E. 7th Street Suite 620 Austin, TX 78701.

3. On information and belief, Defendant directly and/or indirectly develops, designs, distributes, markets, offers to sell and/or sells infringing products and services in the United States,

1

including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial development, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 12430 Mercantile Avenue, El Paso, TX 79928, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising with this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.     Venue is proper in this Court under 28 U.S.C. §1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 12430 Mercantile Avenue, El Paso, TX 79928.

## THE PATENTS-IN-SUIT

12.     On July 23, 2013, United States Patent No. 8,495,167 ("the '167 Patent"), entitled "Data Communications Networks, Systems, Methods and Apparatus" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '167 Patent claims patent-eligible subject matter and is valid and enforceable.  Lauri is the exclusive owner by assignment of all rights, title, and interest in the '167 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '167 Patent. Defendant is not licensed to the '167 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '167 patent whatsoever. A true and correct copy of the '167 patent is attached hereto as **Exhibit A**.

13.     On July 28, 2020, United States Patent No. 10,726,102 ("the '102 Patent"), entitled "Method Of and System For Providing Access to Access Restricted Content to a User" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '102 Patent claims patent-eligible subject matter and is valid and enforceable.  Lauri is the exclusive owner by assignment of all rights, title, and interest in the '102 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '102 Patent. Defendant is not licensed to the '102 Patent,

either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '102 patent whatsoever. A true and correct copy of the '102 patent is attached hereto as **Exhibit B**.

14. The '167 Patent and the '102 Patent are referred to herein as the "patents-in-suit."

15. Plaintiff Lauri is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

16. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Philips's HealthSuite Digital Platform.

## COUNT I
## PATENT INFRINGEMENT OF THE '167 PATENT

17. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '167 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19. Defendant also indirectly infringes the '167 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '167 Patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '167 Patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '167 Patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement

because, with knowledge of the '167 Patent, Defendant supplies the technology that allows its customers to infringe the patent.

20. Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '167 Patent).

21. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '167 Patent were invalid.

22. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

23. Lauri has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '167 Patent unless and until they are enjoined by this Court.

24. The claim chart attached hereto as **Exhibit C** describes how the elements of an exemplary claim 1 from the '167 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II
## PATENT INFRINGEMENT OF THE '102 PATENT

25. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '102 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

27. Defendant also indirectly infringes the '102 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '167 Patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '102 Patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '102 Patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '102 Patent, Defendant supplies the technology that allows its customers to infringe the patent.

28. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '102 Patent) and Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '102 Patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '102 Patent). Alternatively, Defendant knows and/or will know that there is a high probability that

the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '102 Patent but took deliberate actions to avoid learning of these facts.

29. On information and belief, Defendant has made no attempt to design around the claims of the '102 Patent.

30. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '102 Patent were invalid.

31. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

32. Lauri has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '102 Patent unless and until they are enjoined by this Court.

33. The claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claim 10 from the '102 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.  Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lauri respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patents-in-suit;

  B. A judgment that Defendant has induced infringement and continues to induce infringement of the patents-in-suit;

  C. A judgment that Defendant has contributorily infringed and continues to contributorily infringe the patents-in-suit;

  D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

  E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

  F. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

  G. A judgment and order awarding a compulsory ongoing royalty;

  H. A judgment and order awarding Plaintiff costs associated with bringing this action;

  I. A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patents-in-suit; and

  J. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Lauri hereby demands a trial by jury on all issues so triable.

Dated: February 2, 2022

Respectfully Submitted,

**Ramey & Schwaller, LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Lauri Valjakka***